# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN BLEVINS-MAMON, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:10-cv-1319-JMS-MJD |
| | ) |
| MARION COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## Entry and Order Dismissing Federal Claims and Remanding State Claims to State Court

Kevin Blevins filed suit in an Indiana state court asserting claims pursuant to both 42 U.S.C. § 1983 and Indiana law. The action was then removed to this court. Because Blevins is a "prisoner" as defined by 28 U.S.C. § 1915(h), the court has screened his complaint as required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

As a result of that screening, the federal claims asserted by plaintiff Kevin Blevins are **dismissed,** the pendent claims under Indiana state law are **remanded,** and Blevins' motion for discovery in this court, together with the defendants' motion to dismiss, will be **denied**, all consistent with the following:

1. Pursuant to 28 U.S.C. § 1915A(b), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)).

2. The federal claims are considered first. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

3. Blevins' § 1983 claims are against the Marion County Jail, the City of Indianapolis, the Marion County Sheriff's Department, and officers of the Sheriff's Department.

   a. The Marion County Jail is not a "person" subject to suit under § 1983. *Marbry v. Corr. Med. Serv.,* 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *Ferguson v. Dallas County Jail,* 1997 WL 86459, at *1 (N.D.Tex. Feb. 26, 1997)(finding that county jail lacks separate jural existence and is not a separate entity subject to suit).

   b. Pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), the City of Indianapolis and the Marion County Sheriff's Department are persons subject to suit under § 1983, but as municipalities can be held liable under § 1983 only if they have adopted a "policy or custom" that resulted in the deprivation of the plaintiff's constitutional rights. *Bennett v. Roberts*, 295 F.3d 687, 699 (7th Cir. 2002) (citing *Monell*). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. No allegation of such a municipal policy or custom on the part of the City of Indianapolis or the Marion County Sheriff's Department is alleged here, and hence no viable claim is asserted against these defendants.

   c. Blevins asserts § 1983 claims against Sheriff's Department employees Malone, Esteb, and Roberts in their official capacities. An official-capacity claim is effectively a suit against the governmental entity employing the defendant. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992). Official capacity claims against the employees of a municipal defendant is unnecessary and improper. *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985); *Spell v. McDaniel,* 824 F.2d 1380, 1396 (4th Cir. 1987), *cert. denied,* 484 U.S. 1027 (1988); *Luke v. Abbott,* 954 F.Supp. 202, 203 (C.D.Ca.1997). In any event, these claims must be dismissed for the same reason the claims against the Marion County Sheriff's Department are dismissed.

4. Each of Blevins' § 1983 claims has been dismissed. The only claims remaining are his state law claims. The retention of jurisdiction over the pendent state law claims is permissible under 28 U.S.C. § 1367(a). With only claims under state law remaining and at the nascent stage of the proceedings, the general rule that the action should be remanded to the state court must be followed. *Dargis v. Sheahan,* 526 F.3d 981, 990 (7th Cir. 2008). When a district court correctly dismisses all federal claims before trial, the court ordinarily should relinquish jurisdiction over any supplemental claims. *Doe -2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010).There are three acknowledged exceptions to this rule: (1) the state law claims may not be re-filed because a statute of limitations has expired; (2) substantial judicial resources have been expended on the state claims; or (3) it is clearly apparent how the state claims are to be decided. *Williams v. Rodriguez,* 509 F.3d 392, 404 (7th Cir. 2007). None of these circumstances are present here as to the pendent claims under Indiana state law. Here, giving due regard to "the values of judicial economy, convenience, fairness, and comity," *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), the general rule will be followed.

5. In summary, the federal claims asserted pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief can be granted and are dismissed pursuant to 28 U.S.C. § 1915A(b) as legally insufficient, the pendent state law claims are dismissed because the Court declines to exercise supplemental jurisdiction, and the remaining motions are denied as moot.

**IT IS SO ORDERED.**

Date: 03/25/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana